UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-21613-CIV-SEITZ/SIMONTON

CYNTHIA TOBER, individually and,
IRVIN TOBER, individually,

    Plaintiffs,

vs.

TRANSAMERICA LIFE INSURANCE
COMPANY, f/k/a TRANSAMERICA
OCCIDENTAL LIFE INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER REMANDING CASE TO STATE COURT AND DENYING PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES

THIS MATTER came before the Court upon Plaintiffs' Motion to Remand and for Recovery of Attorney's Fees. [DE 4]. Upon a review of the motion papers and the Notice of Removal and documents attached thereto, Defendant has not met its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Therefore, the Court will remand this action back to state court. Additionally, the Court will deny Plaintiffs' request for attorney's fees.

## I. BACKGROUND

This dispute arises out of Plaintiffs' claims that their long-term care insurance policy ("insurance policy") requires Defendant to pay for care they receive at an assisted living facility including skilled care provided by licensed practical nurses and meal preparation by a certified nutritionist. [DE 1-1 at 6-8]. Plaintiffs maintain that Defendant breached the insurance policy by failing to remit payment. [*Id.*].

1

Plaintiffs, who are 87 years old and 91 years old respectively, were admitted to the assisted living facility on November 12, 2011 and currently reside there. [DE 1-2 at 1,3-5].

On March 20, 2012, Plaintiffs filed a lawsuit in Circuit Court in and for Miami-Dade County asserting that Defendant breached the insurance policy by failing to make payments for Plaintiffs' care at the assisted living facility. [DE 1-1 at 5-8]. Thereafter, Defendant timely removed the case to federal court on the ground that the parties are diverse and the amount in controversy exceeds $75,000. [DE 1 at 1-6]. Defendant maintains that an actuarial analysis it compiled establishes that based on Plaintiffs' life expectancy and their claimed benefits, the amount in controversy exceeds $75,000. [*Id.*]. Additionally, Defendant asserts that the potential amount of attorney's fees Plaintiffs will likely incur through summary judgment and trial also exceeds the amount in controversy. [*Id.*]. Plaintiffs seek remand on the ground that the amount in controversy does not exceed $75,000 as of the date of removal, inclusive of attorney's fees. [DE 4]. Plaintiffs do not dispute that the parties are diverse. [*Id.*].

## III. DISCUSSION

### A. Legal Standard

Pursuant to 28 U.S.C. § 1332(a), federal district courts have original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds $75,000. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). The party invoking the Court's jurisdiction has the burden of establishing subject matter jurisdiction. Where the amount in controversy is not specified in the complaint, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). The Eleventh Circuit authorizes a court to make reasonable deductions and inferences "when a removing defendant makes specific factual allegations establishing jurisdiction" that it can support with evidence. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754

2

(11th Cir. 2010). When the jurisdictional amount is not facially apparent from the complaint, "[d]efendants may admit their own affidavits, declarations, or other documentation" to establish that removal is proper. *Id.* at 755. Any doubt regarding the appropriateness of removal must be resolved against accepting removal jurisdiction and in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003); *Lazo v. U.S. Airways, Inc.*, 2008 U.S. Dist. LEXIS 66814, 2008 WL 3926430, at *1 (S.D. Fla. Aug. 26, 2008).

Additionally, the Eleventh Circuit has made clear that "[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka*, 608 F.3d at 751; *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). As a general rule, future potential benefits may not be taken into consideration in determining the amount in controversy when a plaintiff seeks to recover unpaid benefits under an insurance policy and does not challenge the validity of the policy. *See Traveler's Insurance Co. v. Greenfield*, 154 F.2d 950, 952 (5th Cir. 1946).[1] Thus, the amount in controversy is not the face value of the policy but only the damages actually incurred at the time of removal. *Sinclair v. State Farm Mutual Automobile Insur. Co.*, 2011 WL 2746823, at *2 (M.D. Fla. June 14, 2011) (*citing Traveler's Insurance Co.*, 154 F.2d at 952)).

### B. Motion for Remand

Here, Plaintiffs' damages at the time of removal did not exceed $75,000. The amount in controversy is not specified in the Complaint and, therefore, the burden is on Defendant to establish it by a preponderance of the evidence.[2] *Roe*, 613 F.3d at 1062. In support of removal, Defendant filed an

---

[1]The Eleventh Circuit has adopted, as binding precedent, decisions of the Fifth Circuit handed down prior to October 1, 1981. *Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981).

[2]The Complaint alleges that "[t]his is an action for damages in excess of Fifteen Thousand ($15,000) Dollars but less than Seventy-Five Thousand ($75,000) Dollars as of the date of this filing exclusive of attorneys' fees, interest and costs with respect to each plaintiff." [DE 1-1 at 5, ¶1].

actuarial analysis and estimates that if Plaintiff Cynthia Tober lives her expected life expectancy of three years, the value of her claim for benefits under the insurance policy, calculated at a rate of $100 per day, is $114,021.79, exclusive of attorney's fees. [DE 1-2 at 3-4]. Defendant estimates that if Plaintiff Irwin Tober lives his expected life expectancy of 3.9 years, the value of his claim for benefits under the insurance policy, calculated at a rate of $100 per day, is $140,082.92, exclusive of attorney's fees. [*Id.* at 4-5]. Thus, Defendant maintains that the amount in controversy with respect to both Plaintiffs is $254,104.71 ($114,021.79 + $140,082.92), well above $75,000.

Defendant's contention that the amount in controversy is calculated based on Plaintiffs' life expectancy instead of the value of the claims at the time of removal is without merit. It is well-settled that the amount in controversy is determined at the time of removal, not later. *Pretka,* 608 F.3d at 751; *Traveler's Insurance Co.,* 154 F.2d at 952 ; *Siegel v. Bankers Life & Casualty Co.,* 2011 U.S. Dist. LEXIS 150076, at *3 (S.D. Fla. Nov. 18, 2011). The Court has calculated the value of the claims at the time of removal based on the relevant facts agreed to by the parties. Specifically, the parties agree that: (a) Plaintiffs claim $100 per day in benefits under the insurance policy; (b) Plaintiffs' claims are subject to a ten-day elimination period;[3] (c) Plaintiffs were admitted to the assisted living facility on November 12, 2011; and (d) the case was removed to federal court April 27, 2011. As such, factoring in the ten-day elimination period, the claim period for the purpose of determining the amount in controversy at the time of removal is from November 22, 2011[4] until April 27, 2012. A total of 158 days passed from November 22, 2011 through April 27, 2011. Therefore, the amount in controversy *at the time of removal* was

---

[3]The insurance policy provides for a 10-day elimination period, which is the number of days at the start of each nursing home stay needed to qualify for benefits. [DE 1-1 at 17]. Under the policy at issue in this case, once Plaintiffs stayed in a nursing home for more than ten days, they qualified for benefits at a rate of $100 per day.

[4]Plaintiffs were admitted to the assisted living facility on November 12, 2011. As such, factoring in the ten-day elimination period during which Plaintiffs were not entitled to have benefits paid under the insurance policy, the claim period began on November 22, 2011.

$15,800 ($100 x 158 days) per Plaintiff for a total of $31,600 for both Plaintiffs.[5] This amount does *not* exceed $75,000.

However, Defendant also argues that the attorney's fees Plaintiffs will likely incur pursuing this case through summary judgment and trial should be included in calculating the amount in controversy. "The general rule is that attorneys fees do not count towards the amount in controversy unless they are allowed for by statute or contract." *Federated Mutual Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808, n. 4 (11th Cir. 2003). With respect to the claims here, Florida law permits Plaintiffs to recover reasonable attorney's fees if they prevail, *see* Fla. Stat. § 627.428, but the issue is whether, for the purposes of determining the amount in controversy, the attorney's fees incurred as of the date of removal should be included or all of the reasonable attorney's fees through trial. There is conflicting case law on the issue. *See Lott & Friedland, P.A. v. Creative Compounds, LLC*, 2010 WL 2044889, at *4 (S.D. Fla. Apr. 21, 2010) (holding that attorney fees generated after removal cannot created jurisdiction that was lacking at the time of removal); *Rogatinsky v. Metropolitan Life Insur. Co.*, 2009 U.S. Dist. LEXIS 100402, at (S.D. Fla. Oct. 26, 2009) (same) (*citing Waltemyer v. Northwestern Mutual Life Insur. Co.*, 2007 WL 419663, at *2 (M.D. Fla. Feb. 2, 2007)); *but cf. Hall v. Am. Sec. Ins. Co.*, 2009 U.S. Dist. LEXIS 64223 (S.D. Fla. Jul. 23, 2009) (assuming that a reasonable amount of all attorney's fees are included in the amount in controversy)).

In the instant case, the Court need not reach this issue because Defendant has not met its burden of establishing, by a preponderance of the evidence, the amount of reasonable attorney's fees that Plaintiffs' counsel will incur if this case proceeds to trial. The evidence Defendant filed concerning

---

[5]The parties do not address whether it is appropriate for Plaintiffs to aggregate their claims in order to reach the jurisdictional minimum. While it appears that aggregation is justified here because the parties seek to enforce their rights under a single insurance policy, the Court need not decide this issue as remand is required even when evaluating the amount in controversy in the aggregate.

attorney's fees consists of a declaration from Enrique Arana, a litigation partner in the Miami office of Jorden Burt LLP, estimating the amount of fees Plaintiffs' counsel will incur litigating this case, and exhibits thereto, specifically print-outs from Plaintiffs' counsel's firm website, a motion for attorney's fees filed by Plaintiffs' counsel in a class action, and an order granting, in part, an award of fees to Plaintiffs' counsel in the class action. However, the evidentiary value of Mr. Arana's affidavit is questionable given its self-serving nature as Mr. Arana's firm represents the Defendant in this case. Moreover, Mr. Arana's statements in the affidavit as to Plaintiffs' counsel's hourly rate and the number of hours he can expect to expend litigating this case are speculative and conclusory. Finally, Defendant fails to point to fee awards in cases that are similar to the instant case to assist the Court in determining the reasonable hourly rate and the amount of hours Plaintiffs' counsel can expect to expend.[6]

As set forth above, the claims were valued at $31,600 as of the date of removal. Defendant has failed to meet its burden of establishing the amount of attorney's fees Plaintiff's counsel can reasonably expect to incur litigating this case. Thus, the Court will remand this case to state court for lack of subject matter jurisdiction.

### C. Motion for Attorney's Fees

In their Motion for Remand, Plaintiffs also seek attorney's fees. [DE 4 at 9-10]. The Court will deny Plaintiffs' request. An award of attorney's fees is discretionary. *See IMCO USA, Inc. v. Title Ins. Co. of Minn.*, 729 F. Supp. 1322, 1324 (M.D. Fla. 1990). There is no basis for the Court to find that Defendant acted unreasonably or in bad faith in removing this case, particularly given the conflict in authority concerning whether post-removal attorney's fees should be included in determining the amount

---

[6] Judge Cohn's order granting attorney's fees to Plaintiffs' counsel in another case, which is an exhibit to Mr. Arana's declaration, is not helpful because it concerns a class action that, on its face, required class counsel to spend more time litigating than Plaintiffs' counsel will spend on the instant case.

6

in controversy. Thus, Plaintiffs' motion to remand is denied to the extent it seeks attorney's fees and costs.

### III. CONCLUSION

For the reasons set forth above, Defendant has failed to establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, the Court will remand this case back to the Eleventh Judicial Circuit in and for Miami-Dade County. Accordingly, it is

ORDERED that

(1) Plaintiffs' Motion for Remand and for Recovery of Attorney's Fees [DE 4] is GRANTED solely as to Plaintiff's request for remand. It is DENIED as to Plaintiffs' request for attorney's fees and costs.

(2) The Clerk of Court is DIRECTED to remand this cause to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

(3) This CASE IS CLOSED.

(4) All pending motions not otherwise ruled upon are DENIED AS MOOT.

DONE AND ORDERED in Miami, Florida, this 25 day of June, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   Honorable Andrea M. Simonton
      All counsel of record